No. 23643.

LEROY MARTINEZ *v.* THE PEOPLE OF THE STATE OF COLORADO.
(480 P.2d 843)

Decided February 16, 1971.

ALLAN R. COOTER, EUGENE T. HALAAS, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

DEFENDANT Martinez was convicted of burglary in the Pueblo district court. He seeks reversal and a new trial, contending that the trial court committed error in refusing to allow appointed counsel to withdraw, and that the counsel thus compelled by the court to remain in

the case proved to be ineffective, resulting in his being denied a fair trial.

The difficulties between Martinez and his lawyer were called to the attention of the court six days prior to trial. Counsel informed the court that he had advised the defendant that his defense to the burglary charge was weak and that it was his considered advice that the defendant enter a guilty plea to a lesser charge. When defendant refused to follow the advice of counsel and stated that he wished to have his case tried, the lawyer told Martinez "I am glad it is not me that is facing the court with the case that you have." Counsel further advised the court that defendant had made "some rather strong statements to me which I believe will certainly handicap me in representing him."

At the hearing on the motion by counsel to withdraw, the defendant stated to the court that his attorney had refused to subpoena some thirteen additional witnesses that could help establish the defendant's whereabouts at the time of the alleged crime, and that he believed counsel's attitude toward him deprived him of due process.

At the conclusion of the hearing, the trial court found that appointed counsel was adequately trained and experienced and ruled that the indigent defendant did not have the right to pick and choose counsel to represent him. We point out that counsel representing the defendant in this court is not the one who represented him in the trial.

I.

We take up the first point — the argument that the trial court abused its discretion in refusing to allow the withdrawal of appointed counsel.

The standard of "effective assistance of counsel" (*Powell v. State of Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158) does not guarantee a defendant the right to choose his appointed counsel. *Valarde v. People*, 156 Colo. 375, 399 P.2d 245. Nor does it guarantee defendant an attorney with whose advice he can agree.

*Arellanes v. United States*, 326 F.2d 560. There are, however, three areas in which the will of the defendant must be allowed to prevail:

"In making each of these decisions — whether to plead guilty, whether to waive jury trial, and whether to testify — the accused should have the full and careful advice of his lawyer. Although counsel should not demand that his own view of the desirable course be followed, he is free to engage in fair persuasion and to urge his considered professional opinion on his client. Ultimately, however, because of the fundamental nature of these three decisions, crucial in such basic matters governing his own fate, the decisions on these matters belong to the accused." *A.B.A. Project on Standards for Criminal Justice, The Prosecution Function* and *The Defense Function.* Approved draft Feb. 8, 1971.

In *State v. Hines*, 6 Utah 2d 126, 307 P.2d 887, cited by the defendant in his brief, the court said:

"If the court appoints one such attorney that is sufficient, and the judge may assume his duty is fulfilled unless the defendant makes known some good reason why the counsel appointed could not fairly or properly represent him, or something comes to the court's attention which might reasonably so indicate. * * *"

■ There is nothing to be found in the record in the instant case from which we are able to conclude that appointed counsel was unable to, or did not, render effective assistance. The people presented three eye witnesses who positively identified defendant and placed him at the scene of the crime. During the course of the trial, appointed counsel put three "alibi" witnesses on the stand, including the defendant's wife and employer. Each of these witnesses testified as to the defendant's whereabouts at the time of the crime. At a supplementary hearing going into what testimony the additional witnesses would have offered — had they been called — the offer of proof revealed that much, if not all, of this additional testimony would have been in

conflict with that presented at trial, thus weakening the credibility of the defendant's contentions as to his whereabouts at the time of the crime.

"We certainly do not accede to the defendant's theory that a client can require his attorney to call witnesses, if there is no likelihood of the truth of the testimony that will be elicited and where the attorney's well-founded judgment is that its production at the trial would do more harm than good." *United States v. Gutterman,* 147 F.2d 540.

*See also Baca v. People,* 139 Colo. 111, 336 P.2d 712.

Following the refusal of the court below to allow counsel to withdraw, counsel presented himself at the time scheduled for trial and ably and competently conducted the defense. The attorney appointed for the defendant had some seventeen years experience, and there is no evidence that he failed in any way to adequately represent the defendant during the course and conduct of the trial, nor does the defendant point out any such failure in his brief.

## II.

■ The defendant's second contention, that of denial of due process of law, is equally unfounded. As we have previously held:

"It is, of course, now clearly recognized that, by reason of Section 16, Article II of the Colorado Constitution and the Sixth Amendment to the United States Constitution, an indigent defendant in a criminal proceeding is entitled to have counsel appointed at the expense of the state to assist him in his defense. But the right to have state appointed counsel does not carry with it the right in the indigent defendant to choose that counsel. *When the state provides competent counsel, and that counsel ably and competently conducts the defense, the state has satisfied its constitutional obligation.*" (Emphasis added.) *Valarde v. People, supra.*

■ The record does not disclose any flagrant shortcomings of the trial attorney from which we could con-

520

clude he was guilty of palpable malfeasance, or that the representation received at trial was so inadequate as to constitute a farce, mockery or sham. *See Johnson v. United States*, 380 F.2d 810; *Hampton v. People*, 171 Colo. 101, 465 P.2d 112.

The judgment of the court below is affirmed.