No. 23794.

PHILIP ENGLISH MCCLENDON *v.* THE PEOPLE OF THE STATE OF COLORADO.

(481 P.2d 715)

Decided March 1, 1971.

8

Rollie Rogers, State Public Defender, Edward H. Sherman, Public Defender in and for the City and

County of Denver, BENJAMIN J. ANDREWS, JR., Assistant, STEPHEN C. RENCH, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, RONALD BEEKS, Assistant, RICHARD G. MCMANUS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

PHILIP ENGLISH MCCLENDON, the defendant below, was charged with burglary of a private residence. Through his appointed counsel, the Public Defender, he entered a plea of not guilty, and the charges were tried to a jury which found the defendant guilty as charged. Thereafter, he brought a writ of error to this Court, and he was again represented by the Public Defender.

■ The primary issue presented by the writ of error is whether the trial court erred by denying defendant's motion for a directed verdict of acquittal. The argument is premised upon the contention that the evidence presented by the prosecution was insufficient to overcome the presumption of innocence. Review of the record in this case discloses an abundance of evidence to support the conviction. There was evidence presented to the effect that a private home had been forcibly entered and that several drawers and a jewelry box in the bedroom of the home had been opened. Testimony was also presented to the jury which established that a man was present in the burglarized home and that the defendant, McClendon, was observed by Willie Howard, the occupant of the burglarized house, as McClendon was effecting an exit through the rear door of the house. In addition, McClendon was identified by another eyewitness as the man that Willie Howard pursued down

a side alley after McClendon left the house. McClendon was apprehended by Willie Howard after a three-block chase and was detained until the police arrived.

Even though the evidence relating to the defendant's participation in the crime was circumstantial in part, and even though the credibility of one witness was placed in issue by the defendant who claimed that the testimony of Willie Howard was inherently incredible, all of those issues were presented to the jury for their determination. With this evidence before the Court, the defendant would have us declare the trial court in error for submitting the case to the jury.

The test for determining whether a judgment of acquittal should be granted has been set out with clarity in previous opinions of this Court. In *Ruark v. People*, 164 Colo. 257, 434 P.2d 124 (1967), we stated:

"It is true, as Ruark contends, that the prosecution must prove all the essential elements of the offense. When, however, the State proves on its case in chief acts from which the jury may properly infer the elements of a crime, then the State has made a 'prima facie' case impregnable against a motion for acquittal."

A year later, we were again presented with this issue in *Mathis v. People*, 167 Colo. 504, 448 P.2d 633 (1968), and we then ruled:

"Where there is evidence in the record from which a jury could find beyond a reasonable doubt that the circumstances are such as to exclude every reasonable hypothesis of innocence, we cannot say that the trial court erred in refusing to enter a judgment of acquittal, nor will we sit as a thirteenth juror and set aside a jury verdict because we might have drawn a different conclusion from the same evidence."

In *Maes v. People*, 169 Colo. 200, 454 P.2d 792 (1969), we again ruled upon this issue with this language:

"There is obviously evidence in the record from which the jury could find beyond a reasonable doubt that the circumstances were such as to exclude every reasonable

hypothesis of defendant's innocence. We therefore cannot say that the trial court erred in denying defendant's motion for judgment of acquittal, and we will not sit as 'a 13th juror' and set aside a jury verdict."

These decisions are dispositive of the issue presented by McClendon. *See also Maynes v. People,* 169 Colo. 186, 454 P.2d 797 (1969); *Cokley v. People,* 168 Colo. 52, 449 P.2d 824 (1968); *Speers v. United States,* 387 F.2d 698 (10th Cir. 1967); *Wall v. United States,* 384 F.2d 758 (10th Cir. 1967); *McGuire v. United States,* 358 F.2d 442 (10th Cir. 1966); *Cartwright v. United States,* 335 F.2d 919 (10th Cir. 1964). We find that there is evidence in the record justifying the trial court's presentation of the issue of guilt to the jury. We will not disturb the jury's conclusion from such evidence.

The other issues raised by the defendant primarily concern the credibility of particular witnesses. Each of his arguments was presented to the jury and resolved by the jury against him. We have ruled in myriad cases that credibility of a witness is an issue which must be resolved by the jury. *See, e.g., Harvey v. Irvin,* 156 Colo. 391, 401 P.2d 266 (1965).

This case was decided on the briefs after defense counsel waived oral argument. In the context of this case, we have encountered the questions of when the Public Defender is required to prosecute an appeal and the duties which he has on appeal. In the American Bar Association Studies on Standards of Criminal Justice, no means was discovered that would unerringly separate a frivolous appeal from the meritorious appeal. In fact, various screening processes devised by the states in the evolution of appellate criminal procedure were found to be violative of the Sixth Amendment right to counsel. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed2d 493 (1967); *Entsminger v. Iowa,* 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967); *Cruz v. Patterson,* 253 F. Supp. 805 (D. Colo. 1966), *aff'd* 363 F.2d 879, *cert. den.* 385 U.S. 975, 87 S.Ct. 504, 17 L.Ed.2d 438; *Cruz*

*v. People,* 149 Colo. 187, 368 P.2d 774 (1962); *Cruz v. People,* 147 Colo. 528, 364 P.2d 561 (1961), *cert. den.* 368 U.S. 978, 82 S.Ct. 483, 7 L.Ed.2d 440. *See* Note, *Right to Counsel on Appeal — Colorado Procedure Disapproved,* 38 Rocky Mt. L. Rev. 630 (1965-66).

In *Anders v. California, supra,* the Supreme Court recognized that counsel for an accused must be an advocate and cannot merly review the case and cast aside the points urged by the defendant as being without merit. The Special Committee of the American Bar Association, in formulating the Standards of Criminal Justice relating to *Criminal Appeals* and to *The Prosecution Function and The Defense Function,* gave full recognition to the points raised in *Anders v. California, supra,* and at the same time defined the obligations of defense counsel in representing a defendant on appeal when the case is without merit. The *Criminal Appeals* Standards provide as follows:

"3.2 Counsel on appeal

\* \* \* \*

"(b) Counsel should not seek to withdraw from a case because of his determination that the appeal lacks merit.

"(i) Counsel should give his client his best professional estimate of the quality of the case and should endeavor to persuade the client to abandon a wholly frivolous appeal, or to eliminate particular contentions that are lacking in any substance.

"(ii) If the client wishes to proceed, it is better for counsel to present the case, so long as his advocacy does not involve deception or misleading of the court. After preparing and filing a brief, on behalf of the client, counsel may appropriately suggest that the case be submitted on briefs.

"(c) Unexplained, general requests by appellants for dismissal of their assigned counsel should be viewed with disfavor." [*ABA Standards, Criminal Appeals,* pp. 73-74.]

The Standards also provide:

"8.3 Counsel on appeal

"(a) Trial counsel, whether retained or appointed by the court, should conduct the appeal if the defendant elects to avail himself of that right unless new counsel is substituted by the defendant or the appropriate court.

"(b) Appellate counsel should not seek to withdraw from a case solely on the basis of his own determination that the appeal lacks merit." [*ABA Standards, The Prosecution Function and The Defense Function,* p. 293.]

In addition, in the latest Standards dealing with *The Prosecution Function and The Defense Function* (Approved February 8, 1971), the draftsmen carefully articulated the role of counsel, whether he be retained or court-appointed:

"1.1 Role of defense counsel; functions of standards

"(a) Counsel for the accused is an essential component of the administration of criminal justice. A court properly constituted to hear a criminal case must be viewed as a tripartite entity consisting of the judge (and jury, where appropriate), counsel for the prosecution, and counsel for the accused.

"(b) The basic duty the lawyer for the accused owes to the administration of justice is to serve as the accused's counselor and advocate, with courage, devotion, and to the utmost of his learning and ability, and according to law.

"(c) The defense lawyer, in common with all members of the bar, is subject to standards of conduct stated in statutes, rules, decisions of courts, and codes, canons or other standards of professional conduct. He has no duty to execute any directive of the accused which does not comport with law or such standards; he is the professional representative of the accused, not his alter ego.

"(d) It is unprofessional conduct for a lawyer intentionally to misrepresent matters of fact or law to the court.

"(e) It is the duty of every lawyer to know the standards of professional conduct as defined in codes and canons

of the legal profession and in this report, to the end that his performance will at all times be guided by appropriate standards. The functions and duties of defense counsel are governed by such standards whether he is assigned or privately retained.

\* \* \* \*"

[*ABA Standards, The Prosecution Function and The Defense Function,* pp. 171-172.]

■ It is only when the question arises whether the defendant should plead guilty, waive a jury trial, or take the stand that defense counsel must be governed by and abide by the wishes of his client. [*ABA Standards, The Prosecution Function and The Defense Function,* § 5.2, pp. 237-238.] *See Martinez v. People,* 173 Colo. 515, 480 P.2d 843. On guilty pleas, *see Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed2d 473 (1962); *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1926); *Orfield, Criminal Procedure From Arrest to Appeal* 294 (1947). On jury trials, *see Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *Hensley v. United States,* 281 F.2d 605 (D.C. Cir. 1960). On Taking the stand, *see* Levy, *Some Comments on the Trial of a Criminal Case,* 10 Record of N.Y.C.B.A. 203, 213 (1955); *accord,* Steinberg & Paulsen, *A Conversation With Defense Counsel on Problems of a Criminal Defense,* 7 Prac. Law. 25, 37 (May, 1961).

■ In this case, the Public Defender prepared a brief presenting each of the points that the defendant urged as a basis for appeal. The Public Defender carried out the highest standards of the advocate in presenting his client's case, but recognizing the law as it related to the facts, he submitted his case without oral argument, in accordance with the Standards of Criminal Justice.

We find that no reversible error was committed by the trial court.

The judgment is affirmed.