[Crim. No. 14970. In Bank. Feb. 8, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH BERNARD MORSE, Defendant and Appellant.

## COUNSEL

Thomas H. Clarke, Jr., under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Howard J. Schwab, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Defendant Joseph Bernard Morse was convicted of first degree murder and the penalty was fixed at death. The judgment was reversed insofar as it related to penalty and affirmed in all other respects. (*People* v. *Morse* (1969) 70 Cal.2d 711 [76 Cal.Rptr. 391, 452 P.2d 607].) Upon retrial of the issue of penalty defendant's punishment was again fixed at death. This appeal is automatic. (Pen. Code, § 1239, subd. (b).)

In *People* v. *Anderson* (1972) 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880], we held that the death penalty violated our state constitutional prohibition against cruel or unusual punishments. (Cal. Const., art. I, § 6.)[1] And in *Furman* v. *Georgia* (1972) 408 U.S. 238 [33 L.Ed.2d 346, 92 S.Ct. 2726], the United States Supreme Court ruled that imposition of the death penalty in these circumstances contravened the federal Constitution. As defendant's death penalty must therefore be set aside, it is unnecessary to consider the claims of error arising out of his second penalty trial.

In response to an inquiry by this court, counsel for defendant reviewed the record of the guilt phase of the trial and advised us there are no tenable grounds for attacking the judgment of guilt at this time. (See *People* v. *Ketchel* (1966) 63 Cal.2d 859, 866 [48 Cal.Rptr. 614, 409 P.2d 694].)

The judgment, insofar as it provides for the penalty of death, is modified to provide a punishment of life imprisonment and as so modified is affirmed.

Mosk, J., did not participate.

**McCOMB, J.**—For the reasons expressed in my dissenting opinion in *People* v. *Anderson,* 6 Cal.3d 628, 657 [100 Cal.Rptr. 152, 493 P.2d 880], I dissent from the modification of the judgment to provide a punishment of life imprisonment instead of death. (See Cal. Const., art. I, § 27.)

---

[1]For the effect of article I, section 27, of the California Constitution on this issue, see *People* v. *Murphy* (1972) *ante,* pages 349, 352, footnote 2 [105 Cal.Rptr. 138, 503 P.2d 594].