**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Ralph E. PALMER, Defendant-Appellant.**

**No. 79CA0161.**

Colorado Court of Appeals,
Div. I.

March 26, 1981.

Rehearing Denied April 16, 1981.

Certiorari Granted July 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Maureen Phelan, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Terri L. Brake, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Ralph E. Palmer, appeals his convictions of second degree burglary and first degree sexual assault. His sole contention of error is that he was denied his constitutional right to testify on his own behalf. We find this contention to be without factual support in the record and therefore affirm the conviction.

During the trial, after all evidence had been received, a conference was held in chambers concerning Palmer's dissatisfaction with his attorney. Palmer had certain general complaints about the manner in which the trial was proceeding, but, when pressed by the court, he was unable to be specific on the causes for his dissatisfaction, except that he wanted to testify and his attorney was advising him not to do so. The trial court announced a two-hour noon recess to allow defendant and counsel to discuss the matter.

After that recess, defense counsel made the following statement in chambers:

"Your Honor, I discussed the matter with my client after leaving chambers and upon returning from lunch, and *I will certainly let him be heard* if he cares to be heard, but *I know the decision is to go ahead.*

I think Mr. Palmer has indicated to me that he wishes to testify. I advised him not to, and *we're* prepared in the face of that to go ahead and to rest on the evidence presented . . . ." (emphasis added)

The district attorney then indicated that if defendant wanted to testify he would not object to the case being reopened. Defense counsel responded:

"Your Honor, I am asserting as Mr. Palmer's counsel *we're* prepared to rest on the evidence we now have . . . ." (emphasis added)

Later, the district attorney stated that he wanted to:

"[A]void getting into any attorney-client privilege, but it is my understanding now after discussions between Mr. Holm and his client that it is the decision he is not going to testify or is he going to testify?"

Defense counsel responded: "He is not going to testify. We're not moving to reopen the case."

■ It is axiomatic that an accused in a criminal trial has the right to testify in his own behalf even in the face of contrary advice from his attorney. *See, e. g., People v. Henry,* 195 Colo. 309, 578 P.2d 1041 (1978). It is equally true that defense counsel must be governed by and abide by the wishes of his client. *McClendon v. People,* 174 Colo. 7, 481 P.2d 715 (1971). As with other constitutional rights, however, the right to testify may be waived, and the attendant circumstances must be considered to determine if there was a waiver. *Reed v. People,* 171 Colo. 421, 467 P.2d 809 (1970). The issue is whether the record clearly and convincingly demonstrates that the defendant knowingly, intelligently, and voluntarily relinquished a known constitutional right. *Reed v. People, supra.* Applying these standards, we conclude that Palmer did waive his right to testify and his attorney voiced that waiver to the court.

■ The record indicates that prior to the noon recess Palmer had been quite vocal in expressing his displeasures about the manner in which the trial had proceeded and in affirmatively indicating his desire to testify. Immediately after the noon recess the attorney told the court, as quoted above, that he had discussed the matter with Palmer that he would "certainly let him be heard," but that "I know the decision is to go ahead." Thereafter the attorney said "we're prepared . . . to go ahead . . . ." and "I am asserting as Mr. Palmer's counsel we're ready to rest on the evidence we now have . . . ." Palmer said nothing to indicate that the case was not to proceed without his testimony.

In light of the entire record of the discussion of Palmer's right to testify, we view these statements of counsel to be an an-

nouncement to the court that Palmer was waiving his right to testify. By these words counsel told the court what he and his client had agreed to as the product of their discussions during the noon recess. Such a statement of defense counsel may be relied upon by the court, especially when the client is present and says nothing. *See People v. Mosqueda*, 5 Cal.App.3d 540, 85 Cal.Rptr. 346 (1970).

While it would have been preferable for the court to have required Palmer personally to state that he understood he had the right to testify in spite of his counsel's advice not to, and that he was waiving the right, nevertheless, under the circumstances of this case, we conclude there was a knowing waiver of these rights.

The judgment is affirmed.

COYTE, J., concurs.

KIRSHBAUM, J., dissents.

KIRSHBAUM, Judge, dissenting.

The majority recognizes that the right of a defendant to testify in his own behalf in criminal proceedings is a fundamental personal constitutional right. Such a personal right normally may be waived only by a defendant. *People v. Chavez*, Colo., 621 P.2d 1362 (1981) (Quinn, J., concurring and specially concurring); *Winters v. Cook*, 489 F.2d 174 (5th Cir. 1973). In the event of any conflict between a defendant's desire to testify and an attorney's advice to the contrary, the defendant must be permitted to exercise his right. *See United States v. Poe*, 352 F.2d 639 (D.C.Cir.1965); *People v. Robles*, 2 Cal.3d 205, 85 Cal.Rptr. 166, 466 P.2d 710 (1970), *modified and aff'd on other grounds*, 8 Cal.3d 908, 106 Cal.Rptr. 387, 506 P.2d 211 (1973). When a trial court is informed that such a conflict has developed, the court has an independent obligation to explain this right to the defendant and to verify that defendant has waived the right. *See Himmelfarb v. United States*, 175 F.2d 924 (9th Cir. 1949), *cert. denied*, 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949).

Here, the trial court initially fully explained defendant's rights to him. The only

position personally articulated by defendant which appears in this record is a decision to testify. That decision was made in spite of such strong objections by his attorney that the latter suggested he should be relieved of the responsibility of representing defendant if defendant insisted on testifying.

In my view, having been informed by the defendant that he wished to testify, the trial court was required to ascertain directly from the defendant that he indeed had reconsidered and had decided to waive this right. Such procedure was particularly critical here in view of the ambiguous quality of the statements of defendant's attorney to the court after the noon recess concerning defendant's desires.

Rather than indicating acquiescence, defendant's silence in the absence of any invitation to speak and in light of his attorney's statement that he "will certainly let him be heard" suggests that defendant in fact had not abandoned his previously expressed desire to testify. Silence in this setting provides an especially ephemeral foundation upon which to construct an inference of waiver, and the record contains no solid support for any such conclusion.

In other circumstances a record on appeal may well permit an inference from silence that a defendant acquiesced in his or her attorney's indication that the defendant will not testify. *See State v. Albright*, 96 Wis.2d 122, 291 N.W.2d 487 (1980). For example, a defense attorney's announcement at the conclusion of the prosecution's case that the defendant rests need not prompt the trial court to obtain a personal waiver by the defendant of his right to testify. However, when a trial court is advised of a conflict between a defendant and his counsel on this issue, the trial court's independent obligation to insure that the defendant has intentionally waived his personal right to testify cannot be discharged by reliance upon the comments of defendant's counsel.

Because I find no basis in the record to permit the conclusion that defendant altered his stated desire to testify, and be-

cause, contrary to the trial court's initial ruling, defendant was not permitted to testify, I conclude that the judgment must be reversed and the cause remanded for a new trial.