**Ralph E. PALMER, Petitioner,**

v.

**The PEOPLE of the State of
Colorado, Respondent.**

**No. 81SC159.**

Supreme Court of Colorado,
En Banc.

April 23, 1984.

Rehearing Denied May 21, 1984.

J. Gregory Walta, Colorado State Public Defender, Terri L. Brake, Deputy State Public Defender, Littleton, for respondent.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for respondent.

LOHR, Justice.

Ralph Palmer petitioned for review of the affirmance of his criminal conviction by the Colorado Court of Appeals, *People v. Palmer*, 631 P.2d 1160 (Colo.App.1981). We granted certiorari. Under the principles noted in *People v. Curtis*, 681 P.2d 504 (Colo.1984) and *Jones v. People*, No. 681 P.2d 504 (Colo.1984), we hold that Palmer did not voluntarily, knowingly and intentionally waive the right to testify. Accord-

ingly, we reverse the judgment and remand for a new trial.

## I.

Palmer was convicted of second-degree burglary [1] and first-degree sexual assault [2] as the result of a jury trial in 1978. He did not testify at trial. He raised the issue of effective waiver of his right to testify in a *pro se* motion for new trial.

At trial, a disagreement developed between Palmer and his lawyer over whether Palmer should testify. After the defense rested, defense counsel told the judge in chambers that he and Palmer wanted to reflect their disagreements on the record. Out of the presence of the prosecutor, defense counsel said that Palmer desired to testify, but he had advised Palmer not to do so. Palmer said to the judge, "I asked to testify previously, and my attorney said it was no good; you know, he had his own reasons .... [M]y case is not being presented.... [H]e didn't want me to testify ...." After an extensive colloquy, during which Palmer attempted to explain his various disagreements with his counsel's conduct of the trial, the trial judge asked Palmer, "Do you want to go on the witness stand?" Palmer replied, "Yes, sir," and the judge said, "All right." Defense counsel then said that he could not advise that Palmer testify, and he could not do a good job for Palmer if Palmer should choose to testify. Without resolving the dispute, the judge announced a two-hour noon recess.

After the recess, in chambers with the prosecutor present, defense counsel made the following statement:

> Your Honor, I discussed the matter with my client after leaving chambers and upon returning from lunch, and I certainly will let him be heard if he cares to be heard, but I know the decision is to go ahead. I think Mr. Palmer has indicated to me that he wishes to testify. I advised him not to, and we're prepared, and

in the face of that to go ahead, and to rest on the evidence presented....

The prosecutor stated that he would not object if the defendant wished to reopen his case and testify. Defense counsel responded, "I am asserting as Mr. Palmer's counsel we're prepared to rest on the evidence we now have ...." The judge did not address Palmer after the recess, and Palmer did not speak during the post-recess hearing.

The trial judge, referring in part to the decision on whether Palmer would testify, said in chambers that, "The Court, based upon its review of this matter finds [defense counsel] has exercised his judgment as to the conduct of this proceeding; that conduct meets the highest standards which are required, and which should be available to all defendants in a criminal case." The case was then submitted to the jury.

After the verdict was rendered and the motion for new trial denied, the defendant appealed. Although the exchange between Palmer and his defense counsel during the recess was off the record and the tension between Palmer and counsel was manifest, the court of appeals held that defense counsel's statements to the court after the noon recess amounted to an announcement that Palmer was waiving his right to testify. The court also held that, especially in light of Palmer's silence, the trial court could properly rely on those statements. The court further held that:

> While it would have been preferable for the court to have required Palmer personally to state that he understood he had the right to testify in spite of his counsel's advice not to, and that he was waiving the right, nevertheless, under the circumstances of this case, we conclude there was a knowing waiver of these rights.

*People v. Palmer*, 631 P.2d at 1162. In dissent, Judge Kirshbaum expressed the opinion that because the defendant had informed the judge that he wished to testify, after the trial judge had fully explained the

---

**1.** Section 18–4–203, C.R.S.1973.

**2.** Section 18–3–402, C.R.S.1973.

defendant's rights to him, the judge was required to ascertain directly from the defendant whether he had reconsidered. *Id.*

## II.

In the companion cases of *People v. Curtis* and *Jones v. People*, we held that a defendant in a criminal case has the constitutional right to testify in his own defense. Furthermore, the right to testify is so fundamental as to implicate the requirement under *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), that waiver be voluntary, knowing and intentional. The courts do not presume acquiescence in the loss of such a constitutional right, and therefore indulge every reasonable presumption against waiver. *Id.* In order for the accused to make his decision in a voluntary, knowing and intentional manner, he must be informed that he has a right to testify, he must be advised of the advantages and disadvantages of testifying, and he must be informed that he may take the stand notwithstanding the contrary advice of counsel. *See Hollenbeck v. Estelle*, 672 F.2d 451 (5th Cir.), *cert. denied*, 459 U.S. 1019, 103 S.Ct. 383, 74 L.Ed.2d 514 (1982). The defendant should have the full and careful advice of his lawyer, but on this issue the lawyer must be governed by and abide by the wishes of the defendant. *Martinez v. People*, 173 Colo. 515, 480 P.2d 843 (1971); *McClendon v. People*, 174 Colo. 7, 481 P.2d 715 (1971). If waiver of the right to testify was not voluntary, knowing and intentional a defendant is entitled to relief.

The trial court did not address the waiver issue in its findings. The obvious strife between Palmer and defense counsel, counsel's apparent failure to inform Palmer that the decision was for Palmer to make, and, after Palmer's unequivocal expression of his desire to testify, counsel's statement that he didn't think that he could "do a good job for Mr. Palmer *if* he does choose to [testify]" (emphasis added), all show that counsel failed to respect our previous pronouncements that the decision on whether to testify ultimately rests with the defendant and that his counsel must abide by that decision. *People v. Layton*, 200 Colo. 59, 612 P.2d 83 (1980); *Steward v. People*, 179 Colo. 31, 498 P.2d 933 (1972); *McClendon v. People*, 174 Colo. 7, 481 P.2d 715 (1971); *Martinez v. People*, 173 Colo. 515, 480 P.2d 843 (1971). The trial court's finding that counsel had exercised *his* judgment as to the conduct of the proceeding only reinforces this. In short, the record does not show that Palmer's waiver was voluntarily, knowingly and intentionally made. The defendant's subsequent silence does nothing to remedy the defect. Moreover, since the right to testify is inherently personal, Palmer's assertion of it was not nullified by counsel's subsequent ambiguous statement, especially in light of the documented conflict between them. Palmer's silence after the noon recess fails to demonstrate that he acquiesced in his counsel's decision that Palmer would not testify. Failure to reiterate assertion of a right does not constitute waiver. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). Therefore, Palmer is entitled to a new trial.

We reverse the judgment of the court of appeals and remand this case with directions to return it to the trial court for a new trial.

ERICKSON, C.J., dissents.

KIRSHBAUM and ROVIRA, JJ., do not participate.

ERICKSON, Chief Justice, dissenting:

*People v. Curtis*, 681 P.2d 504 (Colo. 1984) and *Jones v. People*, 681 P.2d 504 (Colo.1984), were consolidated and involve the same legal issues, but different factual predicates. I specially concurred and objected to the legal analysis and the requirements imposed upon a trial judge in the opinion.

The record in this case does not affirmatively establish a waiver by the defendant of his right to testify. In my view, a

further hearing is required to determine whether the defendant waived his right to testify, or whether defense counsel made the decision for the defendant, and thereby denied the defendant his right to testify. The record reflects that the defendant was advised by his counsel that he should not testify and complained to the judge in chambers about defense counsel and his advice. Nothing in the record reflects a denial of the right to testify or a direct request by the defendant to testify prior to the filing of a *pro se* motion for a new trial. All of the circumstances surrounding defense counsel's statements to the court suggest that the defendant participated in and approved the decision of defense counsel to submit the case to the jury without testimony from the defendant. In my view, a hearing is required to resolve the issue even though the record strongly implies that the defendant waived his right to testify.

The evidence of guilt in this case is overwhelming. The evidence included recordings which contained admissions of guilt and tied the defendant to the crimes charged. The prosecution's evidence undoubtedly caused defense counsel to advise the defendant not to testify. The right to testify was made known to the defendant, and was discussed by the defendant, with competent defense counsel, before the defense rested. My reading of the record suggests that the assertion of the right by the defendant in his motion for a new trial was a direct result of the defendant's conviction and a hindsight claim that defense counsel employed the wrong trial strategy.

Admittedly, a fundamental right cannot be waived without evidence to support the standards required by the majority. The trial judge made it clear that the defendant had a right to testify. The district attorney consented to a reopening of the defense case to permit the defendant to testify and all of the circumstances reflect a waiver of the right to testify by the defendant.

Accordingly, I would order a further hearing to determine whether the defendant was denied the right to testify.