The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Dennis Edward PIETRANTONIO,
Defendant-Appellant.

No. 84CA0825.

Colorado Court of Appeals,
Div. III.

Aug. 21, 1986.

Rehearing Denied Sept. 18, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Pamela Stross Kenney, Deputy State Public Defender, Philip R. Cockerille, P.C., Ilene P. Buchalter, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Dennis Edward Pietrantonio, appeals the judgment entered on a finding of guilty to conspiracy to distribute cocaine in a trial to the court. We remand for further proceedings consistent with this opinion.

Defendant did not testify at trial. In the week following defendant's trial, the decision in *People v. Curtis*, 681 P.2d 504 (Colo.1984) was issued in which the Supreme Court mandated certain procedural safeguards concerning a defendant's right to testify and a waiver thereof. In his motion for new trial, defendant contended, *inter alia*, that: "[T]he trial court erred in not advising defendant of his right to testify at trial and obtaining a waiver of such right."

In disposing of this issue without a hearing, the trial court stated that: "Admittedly, the better course would have been to give the advisement and obtain an express voluntary waiver from the defendant; however, under the facts herein, the court's oversight was harmless error." The trial court found that the defendant was "certainly" apprised of his right to testify, his co-defendant testified at considerable length in his presence, and in his motion he did not allege that he was unaware of his right to testify, or that he wished to testify, or that his attorney and not he had made the decision that he not testify.

In *People v. Curtis, supra*, the Supreme Court expressly declined to apply the procedural rule announced therein retroactively. It stated: "[A] silent record in a trial held before our decision today does not in and of itself raise serious doubts about the accuracy of a guilty verdict."

However, defendant contends that, even if *Curtis* is not applied retroactively procedurally, the trial court had a duty to consider whether the waiver of the right to testify was in fact voluntary, knowing, and intentional. We agree.

In *People v. Jones*, the companion case to *Curtis*, after disposing of the procedural issue, the court went on to say,

"However, this does not discharge the courts from their duty to consider whether waiver of the right to testify was *in fact* voluntary, knowing, and intentional, whatever the state of the record made at trial and whenever the verdict was handed down. The principle that the decision on whether to testify ultimately rests

with the defendant, with defense counsel abiding by his wishes, evolved long before our holding today. Failure to adhere to it can substantially impair the truth-finding function of a criminal trial. [citations omitted] Therefore, if waiver of the right to testify was not voluntary, knowing and intentional a defendant is entitled to relief." (emphasis supplied)

Although defendant failed specifically to raise this latter issue in his motion for new trial, prior to its ruling on the motion, the trial court had before it defendant's statement in his probation report that he "should have been allowed to testify." Thus, whether defendant in fact voluntarily, knowingly, and intelligently waived his right to testify remains undetermined. *See People v. Mozee*, 723 P.2d 117 (Colo.1986).

We have examined defendant's remaining contentions of error and conclude that, if error at all, they do not constitute reversible error and they need not be discussed.

However, because of our holding as stated above, the cause is remanded to the trial court to hold a hearing to determine whether defendant voluntarily, knowingly, and intelligently waived his right to testify. If the trial court finds the waiver was proper, it shall enter findings of fact and conclusions of law to that effect. Then the judgment shall stand affirmed subject to defendant's right to appeal the finding of waiver. If the trial court finds that defendant did not voluntarily, knowingly, and intelligently waive his right to testify, the court is directed to grant defendant's motion for new trial.

KELLY and BABCOCK, JJ., concur.