**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Sammy NARANJO, Defendant–Appellee.**

**No. 89CA938.**

Colorado Court of Appeals, Div. V.

May 23, 1991.

Rehearing Denied July 18, 1991.

Certiorari Granted Dec. 23, 1991.

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Daniel E. Quinn, Deputy Dist. Atty., Fort Collins, for plaintiff-appellant.

David F. Vela, State Public Defender, Jonathan S. Willett, Thomas R. Williamson, Deputy State Public Defenders, Denver, for defendant-appellee.

Opinion by Judge DUBOFSKY.

The People appeal from the trial court's order granting a new trial to defendant, Sammy Naranjo. We affirm.

In 1977, following a jury trial in which he did not testify, defendant was convicted of first degree sexual assault and first degree

kidnapping. He was sentenced to concurrent terms of from forty-five to fifty years and to life imprisonment, respectively, for these offenses. Following a prior direct appeal, the kidnapping conviction was reduced to second degree, and, on remand, the life sentence was reduced to up to 10 years.

Defendant filed numerous motions for post-conviction relief, culminating in a hearing in 1988. Following the hearing, the trial court ordered a new trial indicating, *inter alia*, that defendant had not knowingly and voluntarily waived his right to testify.

On appeal, the People contend that the trial court erred in finding no valid waiver and, alternatively, that any error regarding defendant's trial was harmless in light of the overwhelming evidence against him.

### I.

As a threshold issue, we must determine whether this court has jurisdiction to decide if the trial court erred in granting a new trial to defendant.

In *People v. Cochran*, 176 Colo. 364, 490 P.2d 684 (1971) and *People v. Campbell*, 738 P.2d 1179 (Colo.1987), our supreme court determined that a trial court order granting a new trial in a criminal case was not appealable.

The People claim, however, that they are entitled to proceed with this appeal because, rather than concerning an unappealable issue of fact, *see People v. Ledesma*, 171 Colo. 407, 468 P.2d 27 (1970), it involves a question of law, and pursuant to § 16–12–102(1), C.R.S. (1986 Repl.Vol. 8A), such appeals are permissible.

Crim.P. 35(c)(3) states that an order of a trial court granting or denying a Crim.P. 35 motion is a final order reviewable on appeal. We therefore determine that since the issues presented here were brought pursuant to Crim.P. 35(c), we have jurisdiction to decide this appeal.

### II.

The People argue that the evidence does not support the trial court's determi-nation that defendant's constitutional right to testify was violated. The People further argue that because *People v. Curtis*, 681 P.2d 504 (Colo.1984) is not retroactive, it was not erroneous for defense counsel to determine if defendant would testify. We disagree with these arguments.

Here, the trial court found:

"At the original trial, the defendant was not advised of his right to testify and had no knowledge of it. He was not advised that he could override the advice of his attorney not to testify. *Defendant wanted to testify.*" (emphasis added)

In *Martinez v. People*, 173 Colo. 515, 480 P.2d 843 (1971), decided approximately five years prior to the original trial in this matter, the court held that it was defendant's right, not the attorney's, to determine if defendant testified at trial. This determination was based on the principle now set out in 1 ABA, *Standards for Criminal Justice*, Standard 4–5.2 (2d ed. 1982), which states that one of the crucial decisions to be made by the accused after full consultation with defense counsel is whether to testify in his own behalf. *See also Steward v. People*, 179 Colo. 31, 498 P.2d 933 (1972).

Here, the evidence is essentially undisputed that defense counsel made the decision that defendant would not testify. Moreover, the evidence indicates, and the court found, that defendant expressed a desire to testify. Therefore, from this record, there is adequate evidence to support the trial court's conclusion that defendant did not make an intelligent and knowing waiver of his right to testify. Furthermore, the evidence supports the trial court's conclusion that defendant wanted to testify but was denied his constitutional right to do so. *See Lamb v. People*, 174 Colo. 441, 484 P.2d 798 (1971); *People v. Pietrantonio*, 727 P.2d 407 (Colo.App. 1986).

### III.

The People next argue, however, that in light of the overwhelming evidence against defendant, the error, if any, was

harmless beyond a reasonable doubt. We conclude that such error is not subject to a harmless error analysis.

The constitutional right of a defendant to testify in his own behalf at trial is found in both the United States Constitution, *see Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), and the Colorado Constitution. *People v. Myrick*, 638 P.2d 34 (Colo.1981).

In *Rock v. Arkansas, supra,* the United States Supreme Court indicated that a person's right to testify on his own behalf is a fundamental right, which when denied, undermines the integrity of the trial. The court also stated that a defendant is often the most critical witness in a trial and that a defendant's constitutional right to present a complete defense is abrogated when he is unable to testify. Based on this analysis, one could readily conclude that a defendant's constitutional right to testify is of such importance that it transcends the criminal process and is more than a trial error and, thus, is not subject to harmless error analysis.

On the other hand, a defendant's right to testify was not listed in *Arizona v. Fulminante*, ── U.S. ──, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), as one of those constitutional rights which is not subject to the harmless error doctrine. Thus, arguably defendant's proffered testimony can be evaluated to see if its exclusion was harmless. *See United States v. Teague*, 908 F.2d 752 (11th Cir.1990).

In light of these countervailing implications in the United States Supreme Court rulings, we are unable to conclude whether denial of a defendant's right to testify under the United States Constitution should be subject to the harmless error beyond a reasonable doubt doctrine of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Accordingly, we choose to resolve the issue under the Colorado Constitution.

Upon such analysis, we conclude that the language and reasoning of *People v. Curtis, supra,* strongly suggest that a defendant's right to testify under the Colorado Constitution is of such critical significance to our system of justice that a denial of this right is not subject to a harmless error analysis.

Defendant argues that since *People v. Curtis* is not applied retroactively, we should not rely on its reasoning in determining this harmless error issue. We recognize that the *Curtis* holding does not retroactively apply the requirement that defendant be advised on the record of his constitutional right to testify or remain silent. However, although *Curtis* did not resolve the issue we address here, we believe its analysis of the significance of a defendant's constitutional right to testify provides guidance to us in determining if this error is among those which, if violated, constitute reversible error without further analysis under the harmless error doctrine.

The discussion in *Curtis* of the fundamental and critical importance of a defendant, not his attorney, deciding if he testifies gives an in-depth analysis of the importance of a right which has been long recognized in Colorado. *See People v. Myrick, supra; People v. Montez*, 197 Colo. 126, 589 P.2d 1368 (1979); *People v. Henry*, 195 Colo. 309, 578 P.2d 1041, *appeal dismissed,* 439 U.S. 961, 99 S.Ct. 445, 58 L.Ed.2d 419 (1978); *Steward v. People, supra; Martinez v. People, supra.*

In *Curtis, supra,* the court referred to a defendant's right to testify as being so inherently personal and basic that the fundamental fairness of a criminal trial is called into question if this right is surrendered by anyone other than the accused. The *Curtis* court further stated that the decision on whether to testify is crucial in governing a defendant's fate, and the value of the right to testify is inestimable. By its description of the right to testify as "inestimable" and "fundamental," and by its recognition of the critical significance of a defendant's testimony in communicating his position to the jury, the *Curtis* court clearly accords this right a stellar role in the constitutional firmament.

The *Curtis* court stated that it is fundamentally wrong to allow a conviction to stand when the jury finding the defendant guilty has never heard the sound of his

voice. In our view, that statement implies that the denial of a defendant's right to testify should not be subject to a harmless error analysis.

The impact on the finder of fact of a defendant testifying can often transcend the apparent evidentiary value of such testimony. *See People v. Curtis, supra.* Therefore, the denial of a defendant's right to testify is not readily quantifiable under the *Chapman* harmless error doctrine. Furthermore, the statements in *Curtis* that defendant's right to place himself and his viewpoint before the finder of fact to legitimize the outcome of the trial and that a defendant has the right to know it was the claim he made which was considered and rejected also indicates that the denial of this right is of such fundamental importance to the criminal process that it should not be subject to the harmless error rule of *Chapman.*

Finally, the statement in *Curtis* that the fairness and validity of a criminal trial depends on the public knowing that the accused has not been silenced by undue influence, mistaken impression, or ignorance also places this constitutional right in the category of being critical to the entire function of the criminal process. Thus, it is apparent that the denial of a defendant's right to testify has implications to the criminal justice system well beyond the evidentiary impact of his proposed testimony.

The right to testify is analogous to a defendant's right to represent himself. In such circumstances, a defendant is exercising his constitutional right to appear personally before the finder of fact and to communicate directly. In both situations, the defendant has determined his interests are best served by dealing directly with the jury rather than through other witnesses or an attorney.

The right to represent oneself has been recognized as being of such fundamental importance to the criminal justice system that it is not subject to the harmless error rule. *See Arizona v. Fulminante, supra; McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

Although the precise question of whether denial of a defendant's right to testify is subject to a harmless error analysis has not been previously answered by the Colorado courts, we note that both pre- and post-*Curtis* decisions have analyzed the issues involving the denial of a defendant's right to testify without subjecting the alleged violation to a harmless error analysis. *See Roelker v. People,* 804 P.2d 1336 (Colo. 1991); *Palmer v. People,* 680 P.2d 525 (Colo.1984); *People v. Myrick, supra; People v. Montez, supra; People v. Henry, supra; People v. Lindsey,* 805 P.2d 1134 (Colo.App.1990).

Although the search for truth is central to our system of justice, there are certain constitutional rights which are not subject to the harmless error rule because these rights protect important values that are unrelated to the truth seeking function of the trial. Without these basic protections, a criminal trial cannot reliably serve its function as a vehicle to determine guilt or innocence, and no criminal punishment may be regarded as fundamentally fair. *See Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

We conclude that the right to testify is one of those rights which is of such fundamental importance to the criminal process that it is not subject to the harmless error rule. Hence, we do not address the prosecution's contention that the denial of defendant's right to testify was without significance. Accordingly, a new trial was properly ordered.

Order affirmed.

CRISWELL and DAVIDSON, JJ., concur.