The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Terrance **AKERS**, Defendant–Appellant.

No. 91CA1769.

Colorado Court of Appeals,
Div. I.

Aug. 19, 1993.

Rehearing Denied Sept. 23, 1993.

Certiorari Denied April 11, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Shawn D. Mitchell, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Terrance Akers, appeals the judgment of conviction entered on a jury verdict finding him guilty of assault on a guard, taking hostages, and escape, and adjudicating him an habitual offender. We reverse and remand for a new trial.

Defendant's sole contention on appeal is that because he was not advised of his right to testify and because his waiver of that right was not placed on the record, both of which are mandated by *People v. Curtis*, 681 P.2d 504 (Colo.1984), he is entitled to a new trial. We agree.

I.

The People concede that defendant was neither properly advised pursuant to *Curtis* nor was a waiver of his right to testify obtained on the record. Nevertheless, the People argue that because defendant had been properly advised in other proceedings, because he did not object when his counsel announced that the defense rested, and because he has not alleged that he wished to testify and that his desire was overborne by counsel, no new trial is warranted. We disagree.

Under the *Curtis* holding, the trial court must ensure that a defendant's waiver of the right to testify is voluntary, knowing, and intentional. For a defendant to make a voluntary, knowing, and intentional decision, he must be aware of the right to testify, the consequences of testifying, and his right to take the stand regardless of counsel's advice to the contrary. *Tyler v. People*, 847 P.2d 140 (Colo.1993).

To ensure that the right to testify is voluntarily, knowingly, and intentionally waived, the court must advise the defendant that he has a right to testify and cannot be prevented from doing so; that, if he testifies, the prosecution will be permitted to cross-examine him, particularly regarding any prior felony for which he has been convicted; and that if a felony conviction is disclosed to the jury, the jury will be instructed to consider it only as it bears on his credibility. *Tyler v. People, supra.*

The burden is on the prosecution to show an effective waiver of a fundamental right. *Tyler v. People, supra.* Here, there is nothing in the record to establish that defendant knowingly, voluntarily, and intentionally waived his right to testify. Nor is there anything in the record to support the People's assertion that defendant had been previously advised of his right to testify.

Citing *Tyler* and *Roelker v. People*, 804 P.2d 1336 (Colo.1991), the People argue that because defendant did not object when his counsel announced that the defense rested, he thereby waived his right to testify. However, in both of those cases, the defendant

had received an appropriate advisement as mandated by *Curtis.*

The People also argue that defendant has not alleged that he was prevented from testifying and that, therefore, his claim must fail. However, while the absence of such an allegation will bolster a claim that defendant implicitly waived his rights after having been advised of them, in the absence of evidence that defendant was aware of his rights, we cannot find an implicit waiver of those rights.

## II.

The People also contend that the lack of a *Curtis* advisement is harmless error because the evidence against defendant was overwhelming. However, in *People v. Naranjo,* 821 P.2d 836 (Colo.App.1991), *rev'd on other grounds,* 840 P.2d 319 (Colo.1992), this court held that a harmless error analysis may not be used in reviewing a violation of a defendant's right to testify. *See People v. Chavez,* 853 P.2d 1149 (Colo.1993).

The judgment is reversed and the cause remanded for a new trial.

PIERCE and MARQUEZ, JJ., concur.