940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James W. HERSHBERGER, Defendant-Appellant.
 No. 90-3237.
 United States Court of Appeals, Tenth Circuit.
 July 24, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals the district court's denial of his motion under 28 U.S.C. Sec. 2255. After six and one-half weeks of trial, a jury convicted defendant of twenty-five counts of mail fraud, bank fraud, and transportation of stolen goods, securities, and money. The jury acquitted defendant of six counts of mail fraud and failed to reach a unanimous verdict on six other counts, which the court then dismissed. After sentencing, defendant retained new counsel and then filed a "petition for release pending adjudication pursuant to 28 U.S.C. Sec. 2241" and brief in support with affidavits.
 
 
 3
 Defendant asserted that he was denied his right to testify and that he was denied the effective assistance of counsel. The district court construed the petition as a motion pursuant to 28 U.S.C. Sec. 2255 and reassigned it to the original trial judge. At the court's direction, the government filed a response to the motion, with attached affidavits that directly refuted defendant's contentions. Defendant then filed a reply brief with further affidavits and exhibits. The district court denied the motion, and this appeal followed.
 
 
 4
 Following Siciliano v. Vose, 834 F.2d 29, 31 (1st Cir.1987), the district court concluded that no evidentiary hearing was necessary because defendant's allegations were "not highly specific and lack[ed] independent corroboration." R.Vol. I, Doc. 140, at 1 n. 1. After finding that the affidavits submitted on defendant's behalf were "subject to substantial impeachment apart from the refuting affidavits," the district court held that defendant was aware of his right to testify, that he waived the right, and that his complaints about "his counsel's manner of trying the case and decisions about what witnesses to call completely lack merit." Id. at 4.
 
 
 5
 On appeal, defendant contends that the district court erred in denying his motion without holding an evidentiary hearing. Section 2255 provides that
 
 
 6
 [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.
 
 
 7
 28 U.S.C. Sec. 2255 (emphasis added). We must first determine whether defendant would be entitled to relief if he proved his allegations. If he would be entitled to relief, then we must determine whether the district court abused its discretion in failing to grant him an evidentiary hearing. United States v. Estrada, 849 F.2d 1304, 1305 (10th Cir.1988).
 
 I.
 
 8
 Defendant's first claim is that he was denied the right to testify. "[A] defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." Rock v. Arkansas, 483 U.S. 44, 49 (1987). This right arises from several provisions in the Constitution. It is a "necessary corollary to the Fifth Amendment's guarantee against compelled testimony," id. at 52; it is part of a criminal defendant's sixth amendment right to present a personal defense and call witnesses in his favor, id.; and "[i]t is one of the rights that 'are essential to due process of law in a fair adversary process,' " id. at 51 (quoting Faretta v. California, 422 U.S. 806, 819 n. 15 (1975)).
 
 
 9
 The right of the accused to testify is a personal right that only the accused can waive; defense counsel cannot waive the right as a matter of trial strategy without the defendant's consent. United States v. Bernloehr, 833 F.2d 749, 751 (8th Cir.1987); United States v. Curtis, 742 F.2d 1070, 1076 (7th Cir.1984), cert. denied, 475 U.S. 1064 (1986). Any waiver by the defendant must be knowing, intelligent, and voluntary. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938).
 
 
 10
 The district court found that the defense rested at trial without calling defendant as a witness and that "defendant made no objection by word or conduct to this decision." R.Vol. I, Doc. 140 at 2. Defendant does not refute this finding on appeal. Instead, he contends that he made no objection because counsel never informed him that he had the sole authority to decide whether he would testify; defendant was under the impression that whether he testified was a decision, like that regarding other witnesses, that was ultimately counsel's.
 
 
 11
 Defendant alleged in his motion and supporting affidavits that he told his counsel he wanted to testify on several occasions; that counsel said he would decide whether defendant would testify when the time came; and that counsel later reiterated to both defendant and his wife that counsel had made the decision not to have defendant testify.
 
 
 12
 When a defendant asserts that he desires to exercise his constitutional right to testify truthfully, counsel's duty is to inform the defendant why he believes this course will be unwise or dangerous. If a defendant insists on testifying, however irrational that insistence might be from a tactical viewpoint, counsel must accede.
 
 
 13
 United States v. Curtis, 742 F.2d at 1076. If defendant can prove that his counsel prevented him from testifying by asserting that counsel, rather than defendant, would make the decision whether defendant would testify, defendant would be entitled to relief.[1]
 
 
 14
 We must therefore decide whether the district court abused its discretion in not holding an evidentiary hearing on defendant's claim. The district court declined to hold a hearing because it found defendant's allegations too conclusory and because it apparently did not believe the affidavits submitted on defendant's behalf. Although "[c]onclusory allegations unsupported by specifics are insufficient to require a court to grant an evidentiary hearing," Hopkinson v. Shillinger, 866 F.2d 1185, 1211 (10th Cir.1989), defendant's allegations were not so "vague, conclusory, or palpably incredible," Machibroda v. United States, 368 U.S. 487, 495 (1962), as to justify denying a hearing. Furthermore, a district court cannot simply credit the government's affidavits and discredit the defendant's. Lindhorst v. United States, 585 F.2d 361, 365 (8th Cir.1978); see also Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir.1979) ("contested fact issues in Sec. 2255 cases cannot be resolved on the basis of affidavits").
 
 
 15
 Like that in Machibroda v. United States, this is a case in which
 
 
 16
 [t]he factual allegations contained in the petitioner's motion and affidavit[s], and put in issue by the affidavit[s] filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection.
 
 
 17
 368 U.S. at 494-95.
 
 
 18
 Under the circumstances, we conclude the district court abused its discretion in failing to afford defendant an opportunity to prove his allegations at an evidentiary hearing.
 
 II.
 
 19
 Defendant's second claim is that he was denied the effective assistance of counsel. Specifically, he asserts that his counsel failed to advise him he had the right to decide whether he would testify, waived defendant's right to testify without his consent, failed to call certain witnesses and present certain evidence, and instructed defendant and his wife not to look members of the jury in the eye during trial. As with defendant's first claim, we must determine initially whether defendant would be entitled to relief if he could prove his allegations.
 
 
 20
 "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To prove that his counsel's assistance was so ineffective as to require reversal of his conviction, defendant "must show both that his attorney's performance fell below an objective standard of reasonableness and that, but for the counsel's inadequacies, the result of the proceedings would have been different." Tapia v. Tansy, 926 F.2d 1554, 1564 (10th Cir.1991), petition for cert. filed, (May 28, 1991). To meet the first requirement, defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; ... that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Strickland v. Washington, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955) ).
 
 
 21
 Although advising the defendant not to testify can be appropriate trial strategy, see Rogers-Bey v. Lane, 896 F.2d 279, 283 (7th Cir.), cert. denied, 111 S.Ct. 93 (1990); Hollenbeck v. Estelle, 672 F.2d 451, 453 (5th Cir.), cert. denied, 459 U.S. 1019 (1982), failing to advise the defendant of his right to testify or refusing to call the defendant to testify despite his desire to do so cannot be, cf. United States v. Curtis, 742 F.2d at 1076 (counsel cannot waive defendant's right to testify as a matter of trial strategy). Therefore, defendant's allegations that defense counsel failed to inform him that he alone controlled the decision to testify and that defense counsel failed to let him testify despite his expressed desire to do so, if proved, would be sufficient to meet the first requirement of the Strickland test.
 
 
 22
 Defendant, however, must also meet the second requirement of the Strickland test to be entitled to relief. The materials defendant filed with the district court state only that "[p]etitioner vehemently contends the outcome of his trial would have been different if trial counsel's conduct would have been effective," R.Vol. I, Doc. 125, Petitioner's Brief in Support of His Petition for Release Pending Adjudication Pursuant to 28 U.S.C. Sec. 2241, at 18, and that had defendant testified he would have "adequately explained and rebutted in detail every allegation made by the government in each and every count," id., Ex. A, Affidavit of James W. Hershberger, at 8. These allegations are too conclusory to entitle defendant to relief.
 
 
 23
 Likewise, defendant's allegations that his counsel did not present certain testimonial and documentary evidence that defendant wanted him to, and that counsel instructed defendant and his wife not to look the jury in the eye during trial, even if proved, would not entitle him to relief. Defendant has not overcome the strong presumption that these acts and omissions of counsel were trial strategy.
 
 
 24
 Therefore, the district court did not abuse its discretion in failing to grant defendant a hearing on his claim for ineffective assistance of counsel. In the evidentiary hearing on remand, the district court need only consider whether defendant's right to testify was violated.
 
 
 25
 The judgment of the United States District Court for the District of Kansas is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court found that "even assuming defense counsel overrode defendant's desire to testify, the error was harmless ... [because] [t]he evidence against the defendant was overwhelming." R.Vol. I, Doc. 140 at 4. Even if a harmless error analysis were appropriate here, compare Ortega v. O'Leary, 843 F.2d 258, 262 (7th Cir.) (applying harmless error analysis to violation of defendant's right to testify), cert. denied, 488 U.S. 841 (1988) and Wright v. Estelle, 549 F.2d 971, 974 (5th Cir.1977) (same), aff'd on reh'g en banc, 572 F.2d 1071 (5th Cir.), cert. denied, 439 U.S. 1004 (1978) with United States v. Bentvena, 319 F.2d 916, 944 (2d Cir.) (reversing defendant's conviction due to violation of right to testify without discussing harmless error), cert. denied, 375 U.S. 940 (1963) and Wright v. Estelle, 572 F.2d at 1081-82 (Godbold, J., with whom Goldberg, J., and Tjoflat, J., join, dissenting) (arguing that harmless error does not apply to violation of defendant's right to testify), the district court's finding was premature because the record did not reflect to what the defendant would have testified had he been called to the stand