166 F.3d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Edward DRYDEN, Defendant-Appellant.
 No. 97-3280.
 D.C. No. 96-3241-JWL.
 United States Court of Appeals Tenth Circuit.
 April 22, 1998.
 
 Before BALDOCK, EBEL and MURPHY, Circuit Judges.
 
 ORDER GRANTING PETITION FOR REHEARING
 
 1
 Edward Dryden ("Dryden") has petitioned for rehearing. For the following reasons, we GRANT his petition to rehear his claim that he was denied the effective assistance of counsel, VACATE that portion of our order and judgment dated March 10, 1998, addressing the ineffective counsel issue, REVERSE the judgment of the district court on this issue, and REMAND for further proceedings.
 
 
 2
 In his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Dryden alleged that his counsel acted ineffectively by failing affirmatively to inform him that it was Dryden's decision whether or not to testify on his own behalf. (R. 314 at 3, 4, 5.) In its order denying Dryden's motion, the district court did not address this precise claim, but rather focused on the fact that counsel did not tell Dryden that the decision to testify or not resided with counsel. (R. 337 at 7-9.)
 
 
 3
 We find that Dryden's claim sufficiently alleges performance which "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In United States v. Hershberger, 1991 WL 136337 (10th Cir. July 24, 1991) (unpublished), we stated:
 
 
 4
 Although advising the defendant not to testify can be appropriate trial strategy, failing to advise the defendant of his right to testify or refusing to call the defendant to testify despite his desire to do so cannot be. Therefore, defendant's allegations that defense counsel failed to inform him that he alone controlled the decision to testify and that defense counsel failed to let him testify despite his expressed desire to do so, if proved, would be sufficient to meet the first requirement of the Strickland test.
 
 
 5
 Id. at * 3 (internal citations omitted); see also Brown v. Artuz, 124 F.3d 73, 79 (2d Cir.1997) ("Although counsel should always advise the defendant about the benefits and hazards of testifying and of not testifying, and may strongly advise the course that counsel thinks best, counsel must inform the defendant that the ultimate decision whether to take the stand belongs to the defendant, and counsel must abide by the defendant's decision on this matter."), cert. denied, --- U.S. - - - - , 118 S.Ct. 1077, 140 L.Ed.2d 135, 1998 WL 70413 (U.S. Feb. 23, 1998); United States v. Ortiz, 82 F.3d 1066, 1070 (D.C.Cir.1996) ("Thus, defense counsel, not the court, has the primary responsibility for advising the defendant of his right to testify and for explaining the tactical implications of doing so or not."); United States v. Pennycooke, 65 F.3d 9, 13 (3d Cir.1995) ("[W]e realize that a convicted defendant may assert a claim that the trial attorney gave ineffective assistance under Strickland v. Washington ... by failing to advise the defendant of his or her right to testify."); United States v. Teague, 953 F.2d 1525, 1533 (11th Cir.1992) ("Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide. This advice is crucial because there can be no effective waiver of a fundamental constitutional right unless there is an 'intentional relinquishment or abandonment of a known right or privilege." ').
 
 
 6
 Having sufficiently alleged the first prong of the Strickland test, Dryden must also adequately show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The district court held that Dryden had not made such a showing because he had made only a "conclusory allegation that he would have 'told [his] side of the story to the jury." ' (R. 337 at 9.) We have stated that conclusory allegations are insufficient to warrant an evidentiary hearing on ineffective assistance of counsel. See Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir.1995). However, we have examined the traverse that Dryden submitted with his petition for rehearing, and are convinced from the district court's oblique references in its order that the traverse was before the district court.[1] In the traverse, Dryden states that, if he had testified, he would have "denied his involvement in the alleged conspiracy," he would have "specifically denied many of the specific allegations made by several of the government's witnesses," and that his testimony would have rebutted the testimony of a witness that otherwise stood unrebutted. (Traverse at 9-10.) Although Dryden's allegations are somewhat skimpy on details, given his pro se status we believe that they are not so conclusory as to justify denying an evidentiary hearing. See 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon ....") (emphasis added).
 
 
 7
 We REVERSE the district court's dismissal of Dryden's claim that he received ineffective assistance of counsel, VACATE that portion of our order and judgment dated March 10, 1998, dealing with the ineffective counsel issue, and REMAND for the district court to hold an evidentiary hearing on the ineffective counsel issue. The remaining portion of our March 10, 1998 order and judgment shall remain in effect. Of course, we venture no opinion on the final outcome of the case. After holding the hearing, the district court may conclude that Dryden was properly advised or that there is no reasonable probability that the result of his trial would have been different had he testified.
 
 
 8
 The petition for rehearing en banc has been circulated to the active judges and no judge has called for a poll on the en banc suggestion. Thus, the petition for en banc review is denied.
 
 
 9
 Judge Baldock dissents from the entry of this order and would deny rehearing in this matter.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 The government does not argue either that Dryden did not file the traverse in the district court or that we should not consider the copy of the traverse Dryden attached to his petition for rehearing