**UNITED STATES of America, Appellee,**

v.

**Carlos Mateo VARGAS, a/k/a "Hector Rivera–Vargas" and Luis A. Duluc-Del Rosario, Defendants–Appellants.**

**Nos. 303, 431, Dockets 90–1125, 90–1161.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 14, 1990.

Decided Dec. 3, 1990.

Jorge De J. Guttlein (Aranda & Guttlein, of counsel), Kimberley Slade, Brooklyn Law School student, on brief, New York City, for appellant Carlos Mateo Vargas.

Luis M. Chaves Ghigliotty, New York City, for appellant Luis A. Duluc–Del Rosario.

Milton L. Williams, Asst. U.S. Atty. for the S.D.N.Y. (Otto G. Obermaier, U.S. Atty. for the S.D.N.Y., David E. Brodsky, Patrick J. Fitzgerald, Debra Ann Livingston, Asst. U.S. Attys., of counsel), New York City, for appellee.

Before FEINBERG, TIMBERS and MINER, Circuit Judges.

FEINBERG, Circuit Judge:

Carlos Mateo Vargas and Luis A. Duluc–Del Rosario appeal from judgments of conviction in the United States District Court for the Southern District of New York, Leonard B. Sand, J., entered in February 1990. Vargas, Duluc and two others were charged in a two-count indictment with conspiring from May 1 to May 10, 1989 to distribute cocaine, and with possession of cocaine with intent to distribute it on May 10, 1989. Vargas pled guilty to the con-

spiracy count pursuant to agreement with the government, and the possession charge against him was dismissed. After a jury trial, Duluc was convicted on the conspiracy count and acquitted on the possession count. Vargas received a sentence of 135 months and Duluc a sentence of 90 months, each prison term to be followed by a four-year period of supervised release. Both defendants are serving their sentences. As will be seen below, the appeals raise one issue that deserves discussion in a published opinion; otherwise, we would have affirmed in a summary order.

Vargas challenges only his sentence. Prior to imposing sentence, the district court held a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), cert. denied, 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980), to resolve a number of disputed factual issues relevant to determining Vargas's offense level under the United States Sentencing Guidelines. Vargas claims that the district court's findings were not supported by a preponderance of the evidence, principally because the district court relied on the testimony of the sole witness at the *Fatico* hearing, cooperating co-defendant Luis Reyes. Vargas characterizes this testimony as "largely uncorroborated and blatantly incredible and contradictory."

The district judge, however, explicitly credited relevant portions of Reyes' testimony. The evidence admitted at the *Fatico* hearing also included the entire transcript of Duluc's trial as well as the transcript of a tape recording of Vargas's meeting with an undercover agent. Portions of Reyes' testimony were corroborated by this other evidence. We do not accept Vargas's characterization of Reyes' testimony. Giving due regard to the opportunity of a district judge to evaluate the credibility of witnesses before him, we find that the district court's findings were sufficiently supported by Reyes' testimony at the *Fatico* hearing, the testimony of Reyes or others at Duluc's trial and the transcript of the taped meeting.

Duluc challenges his conviction on several grounds. He first argues that there was insufficient evidence at trial to support his conviction. This claim is primarily based, like Vargas's appeal, on alleged deficiencies in the testimony of Reyes. Reyes testified at Duluc's trial that Duluc worked for Vargas's drug business; that he saw Duluc carrying drugs from one apartment used in the business to another location; that he saw Duluc packing cocaine; that after meeting with the undercover agent, Vargas discussed with Duluc and others his suspicions that the agent was a police officer; and that Vargas directed Duluc to accompany a confidential source to pick up money due for the kilogram of cocaine delivered to the source. The government also presented at trial the testimony of the undercover agent involved in the cocaine transaction on May 9 and 10, 1989, which corroborated aspects of Reyes' testimony. Viewing the evidence in the light most favorable to the government, it was sufficient to support the jury's verdict in this case.

Duluc also argues that the district court should have reduced his offense level under the Sentencing Guidelines because he was merely a minor or minimal participant in the offense. Duluc either discounts Reyes' trial testimony altogether or limits the government's case to direct evidence, without even the most reasonable inferences that could be drawn therefrom. The district judge was entitled to consider Reyes' testimony and to consider the inferences to be drawn from the evidence. Duluc has not shown that the district court erred in failing to reduce Duluc's offense level to that of a minor or minimal participant.

Finally, Duluc argues that he was denied the effective assistance of counsel. He raises an array of alleged errors and omissions by his trial counsel, including advising Duluc not to testify, failing to call as defense witnesses co-defendant Vargas and others, failing to inquire about or apprise Duluc of certain evidence, failing to move to suppress certain evidence and making an inadequate motion to dismiss at the close of the government's case. Duluc's appellate counsel has offered us no persuasive reason to believe that trial coun-

sel's advice to Duluc to refrain from testifying was unreasonable. Similarly, the only indication that Vargas's testimony would have been helpful to the defense is a short, typed affidavit purportedly signed by Vargas and attested to as true and correct by Duluc. Although the Vargas page is undated, the Duluc page is dated after the trial. The purported Vargas affidavit states in conclusory fashion that Duluc had no knowledge of Vargas's drug-related activities. Nothing about the affidavit demonstrates that the decision not to call Vargas as a defense witness at Duluc's trial was unreasonable. Finally, the proffered testimony of the other suggested defense witnesses relates only to collateral matters; there is no indication that the other evidence Duluc refers to would have been helpful or that a suppression motion would have been successful. In sum, Duluc has not persuaded us that counsel's actions as to any of these matters were unreasonable.

■ One of the issues raised in Duluc's claim of ineffective assistance of counsel, however, deserves further comment. As indicated above, Duluc complains that his lawyer "counseled and insisted appellant not testify in his own behalf." In opposing Duluc's claim, the government argues that by failing to protest to the district judge when his trial counsel rested without calling him as a witness, Duluc effectively waived his right to testify and therefore cannot raise the issue on appeal. Because Duluc argues only that counsel provided ineffective assistance by advising him not to testify on his own behalf, our finding that the advice was not unreasonable disposes of his claim. See *Rogers–Bey v. Lane*, 896 F.2d 279, 283 (7th Cir.), cert. denied, — U.S. —, 111 S.Ct. 93, 112 L.Ed.2d 65 (1990). Thus, the issue of a defendant's waiver of his constitutional right to testify on his own behalf, see *Rock v. Arkansas*, 483 U.S. 44, 49–53, 107 S.Ct. 2704, 2707–10, 97 L.Ed.2d 37 (1987), is merely tangential here. However, we decide this case by published opinion rather than by summary order to express our substantial doubt about the correctness of the position the government urges in this court.

The government relies on five cases from other circuits to support its waiver argument: *Galowski v. Murphy*, 891 F.2d 629, 636 (7th Cir.1989), cert. denied, — U.S. —, 110 S.Ct. 1953, 109 L.Ed.2d 315 (1990); *United States v. Martinez*, 883 F.2d 750, 754–55 (9th Cir.1989); *United States v. Bernloehr*, 833 F.2d 749, 751–52 (8th Cir.1987); *United States v. Systems Architects, Inc.*, 757 F.2d 373, 375 (1st Cir.), cert. denied, 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 115 (1985) and *United States v. Janoe*, 720 F.2d 1156, 1161 n. 9 (10th Cir.1983), cert. denied, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984). We are not convinced that all of these cases stand for the proposition advanced. For example, in the First Circuit case, the court noted that the appellants "do not allege that they wanted to testify" and "[t]he instant case is not a situation where the defendants wanted to testify and were prevented from doing so by the trial court or counsel." *United States v. Systems Architects, Inc.*, 757 F.2d at 375; see also *Galowski v. Murphy*, 891 F.2d at 636 n. 12; *United States v. Janoe*, 720 F.2d at 1161 & n. 9. We also note the existence of recent authority rejecting the government's position. *United States v. Teague*, 908 F.2d 752, 759–60 (11th Cir.1990). The issue does not seem to be an easy one. See, e.g., the majority and dissenting opinions in *United States v. Martinez*, 883 F.2d 750.

In any event, the government advances no Second Circuit authority in support of its position, and at oral argument confirmed that it could identify none. We regard as highly questionable the proposition that a defendant's failure to object at trial to counsel's refusal to allow him to take the stand constitutes a waiver of the defendant's constitutional right to testify on his own behalf. However, we leave that issue for another day.

We have considered all of appellants' arguments, and we affirm the judgments of conviction.