COMMONWEALTH *vs.* RICHARD POTTER. No. 94-P-999. October 16, 1995. *Intimidation of Witness. Witness,* Intimidation. *Evidence,* Inference.

After the defendant, at 4:00 A.M., telephoned and frightened the complaining witness (the victim) on a pending criminal complaint charging him with stalking, see G. L. c. 265, § 43, an additional complaint was brought against him for intimidation of a witness. On appeal from his conviction on the latter complaint under G. L. c. 268, § 13B, the defendant argues that, because the Commonwealth's proof showed only one more episode of consistently bizarre behavior toward the victim, he was entitled to a required finding of not guilty. We affirm the conviction.

1. *The evidence.* We recite the Commonwealth's case which rested entirely upon the victim's testimony. The victim testified that she worked at a donut shop. Her hours were from 11:00 P.M. to 6:00 A.M. She was alone during her shift except between 1:00 A.M. and 4:00 A.M., when the baker would also be working. The doors to the shop were locked from 11:00 P.M. to 5:00 A.M., and customers were served at a drive-through window.

At first, in April, 1992, the defendant would use the drive-through window and make bizarre remarks to the victim, who would not respond.

Next, she would see him sitting in his car at all hours of the night, staring into the donut shop and watching her. Sometimes he would enter the shop when it opened at 5:00 A.M., and ask for water or the use of the restroom. Additionally, the defendant began calling the victim at the donut shop. He would call her several times a night and make vulgar remarks of a sexual nature. Finally, in November, after a total of over forty calls, the victim went to the police and sought a criminal complaint charging the defendant with stalking.

On February 10, 1993, the victim appeared in court to testify against the defendant, who was also present, but the matter was continued. At about 4:00 A.M., on February 11, the defendant called the victim at the donut shop. The victim answered the phone, but no one replied. When she repeated her greeting, the defendant asked if she liked his stalking, if she liked what he was doing to her. She said nothing, and he began to laugh and spell out the word "stalking." Angry and frightened that the defendant was going to come to the donut shop where she was alone, the victim swore at the defendant, told him that she would see him in court, and then hung up the phone to disconnect his call so that she could dial for the police. It is the telephone call of February 11, 1993, which is alleged to constitute the violation of G. L. c. 268, § 13B.[1]

2. *Discussion.* The first sentence of G. L. c. 268, § 13B, as appearing in St. 1990, c. 177, provides, as relevant: "Whoever, directly or indirectly, wilfully endeavors . . . by . . . intimidation . . . to influence, impede, obstruct, delay or otherwise interfere with any witness . . . in any stage of a trial or other criminal proceeding . . . shall be punished . . . ." It is the defendant's claim that the Commonwealth failed to show that his statements were intimidating and made with the specific intent of influencing or otherwise interfering with the criminal proceedings against him. See *Commonwealth* v. *Conley*, 34 Mass. App. Ct. 50, 53 (1993).

" '[T]he question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (emphasis in original). *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), quoting *Jackson* v. *Virginia*, 443 U.S. 307, 318-319 (1979). See Mass.R.Crim.P. 25 (a), 378 Mass. 896 (1979)." *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989). A rational trier of fact could find that the defendant's statements to the victim on February 11 intimidated the victim and that the defendant knew they would frighten her. The defendant's claim that because these statements were no more bizarre than those made on his previous calls to the victim, did not require the Commonwealth to disprove all possible explanations for this particular call. "The Government

---

[1]We were informed by the Commonwealth at oral argument that the 1992 stalking complaint was ultimately dismissed, presumably on the basis of *Commonwealth* v. *Kwiatkowski*, 418 Mass. 543 (1994).

. . . need not exclude every reasonable hypothesis of innocence, provided the record as a whole supports a conclusion of guilt beyond a reasonable doubt." *Id.* at 533-534, quoting from *United States* v. *Systems Architects, Inc.*, 757 F.2d 373, 377 (1st Cir.), cert. denied, 474 U.S. 847 (1985). Indeed, the victim's past request for police intervention and the stalking complaint itself provided ample notice to the defendant that she was frightened by his pre-dawn telephone calls and vulgar remarks to her at her place of employment where he knew that she was alone. As commonly understood and as defined in Webster's Third New Intl. Dictionary 1184 (1971), the essence of intimidation is fear.

A rational trier of fact could also infer from the circumstances of the statements in issue (the defendant's knowledge that his previous actions and statements frightened the victim, the lack of all contact from the defendant between the issuance of the stalking complaint in November and the victim's court appearance on February 10, and the defendant's express, taunting reference to "stalking" on February 11) that the defendant specifically intended "to influence, impede, obstruct, delay or otherwise interfere" with the victim's continued pursuance of the criminal proceedings on the stalking complaint against him. "An inference drawn from circumstantial evidence 'need only be reasonable and possible; it need not be necessary or inescapable.' " *Commonwealth* v. *Merola*, 405 Mass. at 533, quoting from *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977).

*Judgment affirmed.*

*Daniel F. Manning* for the defendant.
*Kevin Connelly,* Assistant District Attorney, for the Commonwealth.