104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES, Appellee,
v.
William E. GREEN, Harold P. Jackman, Joseph Stancil, Defendants,
James R. GREEN, Defendant-Appellant.
 No. 96-1185.
 United States Court of Appeals, Second Circuit.
 Nov. 14, 1996.
 
 Domenick J. Porco, Scarsdale, N.Y.
 APPEARING FOR APPELLEE: Barbara Guss, Assistant U.S. Attorney for the Southern District of New York, New York, N.Y.
 PRESENT: FEINBERG, LEVAL, and Parker, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 James R. Green was convicted after a jury trial in the United States District Court for the Southern District of New York. The judgment of conviction was entered on March 11, 1996. After trial, Green made a motion to set aside the jury's verdict. On May 14, 1996, the motion was denied and Green was sentenced to 72 months imprisonment, to be followed by three years of supervised release, as well as restitution in the amount of $450,000 and a special assessment of $850. This appeal followed, challenging the judgment of conviction, the denial of Green's motion to set aside the verdict, and the restitutionary judgment imposed at sentencing.
 
 
 4
 Green was indicted along with two co-defendants on January 18, 1995, on criminal charges arising from a scheme to steal computer parts from IBM. Green was charged with, inter alia, conspiracy to commit wire fraud and ship stolen computer parts in interstate commerce (18 U.S.C. § 371), transportation of stolen parts in interstate commerce (18 U.S.C. § 2314), wire fraud (18 U.S.C. § 1343), laundering and conspiring to launder the proceeds of the sales of stolen computer parts (18 U.S.C. § 1956 and 1957), and making false statements to the Internal Revenue Service during its investigation of illegal proceeds from the sale of stolen parts (18 U.S.C. § 1001). At trial, Green's two co-defendants were acquitted on all counts. Green was convicted on seventeen of the twenty-two counts against him.
 
 
 5
 Green raises three issues on appeal. First, he challenges various jury instructions given by the district court. Second, he claims that his counsel's performance at trial was constitutionally deficient, denying him effective assistance of counsel. Finally, he argues that the district court's restitutionary judgment is invalid because the judge failed to consider Green's ability to pay. We deal with his arguments in turn.
 
 I. Jury Instructions
 
 6
 Green first challenges the jury instructions given by the trial judge. He contends that the court failed to instruct the jury properly with regard to (i) good faith reliance; (ii) conscious avoidance; and (iii) accomplice testimony. In order to succeed in his challenge, Green must show that the disputed instructions, when viewed in the context of the charge as a whole, were prejudicial. Anderson v. Branen, 17 F.3d 552, 556 (2d Cir.1994).
 
 
 7
 Green argues that the good faith defense instructions given by the trial court implied that he was not entitled to a good faith defense. At the close of the trial, the judge gave jury instructions on the defense of good faith reliance. At the request of counsel for Green's co-defendants, the judge then explained to the jury how the good faith defense would apply to the specific evidence against the two co-defendants. Green's attorney, however, neither requested nor received specific instructions on how the good faith defense would apply to the evidence against Green.
 
 
 8
 Although Green now argues that specific instructions tailoring the good faith defense to the evidence against him should have been given, he has failed to demonstrate any prejudice caused by the lack of specific instructions. The trial judge explained to the jury that the good faith defense was applicable to all three defendants. Given this general instruction, we believe that the lack of specific instructions as to Green was not prejudicial.
 
 
 9
 Green additionally argues that the court's instructions on accomplice testimony were prejudicially imbalanced because they did not include instructions to the jury to evaluate the credibility of the accomplices by examining motives to lie and prior false statements. Cf. United States v. Assi, 748 F.2d 62, 67 (2d Cir.1984). Our review of the record, however, convinces us that the challenged instructions were proper. After noting the government's contention that it must "take witnesses as it finds them," the trial judge explained that "accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with special caution." The judge further emphasized the danger of self-serving accomplice testimony, and charged the jury to evaluate witness credibility accordingly. The jury was instructed to consider any relationship between a witness and the government in evaluating that witness's testimony. At the request of co-defendants' counsel, the court noted the relevance of prior inconsistent statements in assessing a witness's credibility. These cautionary statements provided the necessary balance to the court's instructions on accomplice testimony.
 
 
 10
 Finally, Green contends that the court's instruction on conscious avoidance was improper because the trial judge did not limit its application to the counts on which Green claimed a good faith defense. Green claims that conscious avoidance was improperly applied to the interstate transportation and money laundering counts, where he characterizes his defense theory as one of unequivocal denial of participation.
 
 
 11
 Instructions on conscious avoidance are proper "[w]here a defendant claims lack of knowledge but the evidence indicates that the defendant may have remained ignorant deliberately." United States v. Eltayib, 88 F.3d 157, 170 (2d Cir.1996). This requires both that the defendant challenge a specific aspect of knowledge required for conviction and also that an adequate factual predicate for the charge exist. United States v. Civelli, 883 F.2d 191, 194-95 (2d Cir.), cert. denied, 493 U.S. 966, 110 S.Ct. 409 (1989).
 
 
 12
 Despite Green's contentions, the evidence was sufficient to warrant the conscious avoidance charge on the interstate transportation of stolen property and money laundering counts. Green denied knowing that stolen memory cards were stored in a vehicle in his driveway and in storage units over which he had control, although his co-conspirators used the property in suspicious circumstances. In his summation, Green's counsel argued that his co-conspirators kept him "out of the loop," and that Green "was unknowingly used as an instrument to facilitate the crime." The government, in response, argued that Green's failure to learn the facts about the illicit agreement between three co-conspirators to sell stolen computer parts constituted an instance of "shut your eyes, shut your ears." Viewed in its entirety, the evidence presented at trial would have permitted a juror to conclude that Green purposely avoided learning the nature of the illegal scheme in which he participated.
 
 II. Ineffective Assistance of Counsel
 
 13
 Green next argues that his trial counsel's performance was constitutionally deficient under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), and requests a new trial. Under Strickland, a defendant claiming ineffective assistance of counsel must show that (i) his counsel's performance was objectively unreasonable as judged by prevailing professional norms, and (ii) but for counsel's ineffectiveness, there is a reasonable probability that the result of the proceeding would have been different. 466 U.S. at 687-88, 694, 104 S.Ct. at 2064, 2068.
 
 
 14
 To support his ineffective assistance claim, Green points to his trial counsel's repeated exhortations to the jury that Green could not legally be convicted on the uncorroborated testimony of accomplices. Although counsel emphasized this point during trial and in his closing statement, it is a misstatement of federal law. Green also highlights counsel's failure to call witnesses--allegedly a result of counsel's ignorance that witnesses could be subpoenaed and produced at government expense--as further evidence of ineffectiveness. Finally, Green points to counsel's unsupported allegations at trial that Green and his co-defendants were being targeted by a racially biased prosecutor as evidence of ineffectiveness.
 
 
 15
 With the exception of trial counsel's allegations of racial bias, all the errors highlighted here were brought to the attention of the district court in Green's motion to set aside the jury verdict. After noting the overwhelming evidence of Green's guilt, however, the court below denied the motion. As the court explained, it "did [not] believe that the deficiencies that [Green's new counsel] pointed out ... are deficiencies that in any way would have impacted the result of the trial." After reviewing Green's arguments before this court, we must agree.
 
 
 16
 To the extent that Green's trial counsel made errors in the course of the trial, they were not so prejudicial as to create a reasonable probability that the result of the proceeding would have been different in their absence. Counsel's statement that a defendant could not be convicted on the uncorroborated testimony of accomplices was erroneous under federal law. At trial, however, the government presented extensive corroboration of accomplice testimony, both by testimony of other accomplices and by documentary evidence. In addition, counsel's misstatement of law was, at best, peripheral to Green's theory of defense. Green's main argument was that his alleged accomplices had conspired to frame him, in a desperate attempt to reduce their sentences. Counsel's claim that uncorroborated accomplice testimony was insufficient was just part of his overall attack on the reliability of Green's testifying co-conspirators. Numerous other attacks on the witnesses' credibility were also made and, as it appears, rejected by the jury.
 
 
 17
 Similarly, trial counsel's failure to call witnesses does not support Green's claim for ineffective assistance of counsel. We note that Green has offered no substantiation for his claim that counsel's decision not to call witnesses was based on the erroneous belief that he had no funds with which to do so, rather than general trial strategy. The decision not to call witnesses is typically a question of trial strategy that appellate courts are ill-suited to second-guess. See, e.g., Trapnell v. United States, 725 F.2d 149, 155 (2d Cir.1983); United States ex rel Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir.), cert. denied, 417 U.S. 972, 94 S.Ct. 3179 (1974). Moreover, Green fails to identify specific witnesses, describe in detail the testimony they might have given, or substantiate the claim that they would in fact testify as proffered. A defendant's conclusory allegations about the testimony of uncalled witnesses are insufficient to demonstrate prejudice. See United States v. Vargas, 920 F.2d 167, 169-70 (2d Cir.1990), cert. denied, 502 U.S. 826, 112 S.Ct. 93 (1991).
 
 
 18
 The sole basis for Green's ineffective assistance of counsel claim not addressed by the trial judge is Green's argument that trial counsel's allegations of prosecutorial racial bias undermined the outcome of trial. Green's claim has no merit. Counsel's use of inflammatory statements was a strategic decision. Ineffective assistance of counsel is not established simply by showing that a strategic decision, viewed in hindsight, was unwise. Strickland, 466 U.S. at 689; 104 S.Ct. at 2065.
 
 
 19
 Green was convicted on the basis of extensive evidence, including not only the testimony of multiple accomplices but also corroborating testimony by third parties and documentary evidence. This evidence was compounded by Green's own testimony at trial, which the trial judge characterized as perjurious. In this context, any errors by Green's trial counsel were harmless.
 
 III. Restitution Judgment
 
 20
 Green challenges the district court's order that he pay restitution of $450,000, payable at 15% of Green's gross monthly income. Green argues that the judge failed to consider the factors mandated under 18 U.S.C. § 3664(a)--"the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents"--in setting the sum to be repaid.
 
 
 21
 Green's argument is meritless. The trial judge explicitly noted the requirement under § 3664(a) that he consider relevant statutory factors, including defendant's financial ability, in setting a restitution amount. Indeed, the court reduced the amount first set after noting that, "[i]n view of the financial condition of the defendant that's reflected in the Probation report, it is extremely unlikely that he could satisfy a restitution amount of that magnitude." In addition, the judge provided that monthly payments may not exceed a small percentage of the defendant's monthly income. This limitation took into account the defendant's ability to pay.
 
 
 22
 For the foregoing reasons, the decision of the district court is AFFIRMED.